Question Submitted by: Daniel S. Sullivan, Chief Executive Officer, Grand River Dam Authority
2024 OK AG 9
Decided: 06/14/2024
Oklahoma Attorney General Opinions
Cite as: 2024 OK AG 9, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Consistent with Oklahoma law, may the Grand River Dam Authority ("GRDA") include private entities as additional insureds on a builder's risk insurance policy as consideration for the goods and services that the private entities will be providing under contracts?
I.
SUMMARY
¶1 Nearly eighty years ago, the Oklahoma Supreme Court held that GRDA is a self-liquidating agency not within the class of agencies subject to article X, section 23 of the Oklahoma Constitution and thus not subject to the indebtedness restriction in section 23. State ex rel. Kerr v. Grand River Dam Auth., , ¶ 15, , 950. However, (the "2007 opinion") determined that the indebtedness restriction in article X, section 23 of the Oklahoma Constitution prohibits state agencies from insuring suppliers in state contracts. Through its limited overruling of , (the "2012 opinion") did not affect the 2007 opinion and, in fact, reaffirmed the constitutional prohibition on third-party indemnification of private entities. Nonetheless, this office now concludes that GRDA may include private entities as additional insureds on a builder's risk insurance policy when GRDA acts as the general contractor and only provides first-party coverage to materials and property during the period of construction. As a result, the 2007 opinion is overruled as to GRDA only.
II.
BACKGROUND
¶2 Your request details GRDA's plan to construct a natural gas-fired electricity generation unit at the Grand River Energy Center. GRDA will serve as the general contractor under an EPCM agreement during the construction. As the general contractor, GRDA will contract directly with the subcontractors to supply services, equipment, and materials supporting the construction project. To this end, GRDA asserts that it, as the property owner and general contractor, is responsible for maintaining builder's risk insurance coverage. According to your request, the subcontractors demanded to be included as additional insureds to GRDA's builder's risk insurance policy. Your request also asserts that including subcontractors as additional insureds to a builder's risk insurance policy is a standard industry practice and an expectation of the subcontractors. In your request, you further stated all subcontractors will be required to maintain their own commercial general liability insurance to cover third-party claims arising from their negligence.
¶3 In 2007, this office determined that GRDA may not include a private entity as an additional insured on an insurance policy purchased with public funds. , ¶ 27. That opinion relied on a 2006 opinion, which you assert was "largely overruled" in 2012. Accordingly, you asked whether the conclusion reached in the 2007 opinion is correct, and more specifically, if the GRDA can include a subcontractor as an additional insured on GRDA's builder's risk insurance policy. As a result, this office must examine article X, section 23 of the Oklahoma Constitution (a focal point for the 2007 opinion's determination), , the 2012 opinion, and two Oklahoma Supreme Court cases.
III.
DISCUSSION
¶4 Your request inquires whether the 2007 opinion incorrectly determined that GRDA's inclusion of an additional insured violates article X, section 23 of the Oklahoma Constitution, which states:
The state shall never create or authorize the creation of any debt or obligation, or fund or pay any deficit, against the state, or any department, institution or agency thereof, regardless of its form or the source of money from which it is to be paid, except as may be provided in this section and in Sections 24 and 25 of Article X of the Constitution of the State of Oklahoma.
OKLA. CONST. art. X, § 23.
¶5 The Oklahoma Supreme Court found in Sheldon v. Grand River Dam Authority that GRDA is a self-liquidating agency. , ¶ 20, , 362. The Court based this determination on GRDA's enabling statute, which states:
[N]othing in this Act or in any other Act or law contained, however, shall be construed as authorizing the District to levy or collect taxes or assessments, or to create any indebtedness payable out of taxes or assessments, or in any manner to pledge the credit of the State of Oklahoma, or any subdivision thereof. 
Id. (citing Act of Apr. 26, 1935, ch. 70, art. IV, Sess. L. 1935 (codified at ). Further, the Court found that GRDA's enabling act does not pledge "any revenues derived from taxation, either on an ad valorem basis or by special taxes" and that "[i]n the event of the failure of revenues from the properties to be acquired by the District, the state is under no obligation to make up the loss." Id. The same language cited by the Court to reach this conclusion in GRDA's enabling statute remains law today. See .
¶6 In Kerr, the Oklahoma Supreme Court held that as a self-liquidating agency, GRDA is not within the class of agencies embraced within the terms of article X, section 23 and thus not subject to the provisions of the amendment restricting its power to incur indebtedness of its own volition. Kerr, , ¶¶ 14--18, 154 P.2d at 950. The Court held that revenue as used in article X, section 23 refers to "revenue provided under the taxing power of the State, and the word 'obligations' has reference to an indebtedness for the payment of which resort, previous to such amendment, might properly be had to the taxing power of the State." Id. ¶ 15. As such, GRDA does not "operate in whole or in part on State revenue as defined and [its] obligations cannot become debts of the State [and thus] are not within the purview of said provisions of the amendment inhibiting creation of indebtedness in excess of current revenue." Id.
¶7 Unlike other state agencies supported by appropriations sourced from the State's taxing power, GRDA is a self-liquidating agency. As set forth above, the Oklahoma Supreme Court's rulings in Kerr and Sheldon declare that GRDA does not fall within the class of government agencies subject to article X, section 23 and is thus not constrained by its limitations. Though the office concludes in this opinion that GRDA should not be subject to the 2007 opinion, all government agencies supported by the State's taxing power, and are thus bound by the debt limitation restrictions under article X, section 23, remain subject to the 2007 opinion.
¶8 It is, therefore, the official Opinion of the Attorney General that:
The Sheldon and Kerr holdings preclude application of article X, section 23, including its debt limitation restrictions, on GRDA. The 2007 opinion is overruled to the extent that it conflicts with this opinion's conclusion as to GRDA only. The 2007 opinion remains in effect for all other government agencies supported by the State's taxing power and thus bound by the debt limitation restrictions of article X, section 23.
 
GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
JAMES L. CRAWFORD
ASSISTANT ATTORNEY GENERAL
FOOTNOTES
 The acronym, EPCM, stands for engineering, procurement, and construction management.
 As a result of this conclusion, GRDA would be permitted to add subcontractors as additional insureds on a builder's risk policy.